IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



CARL E. WOODWARD, LLC                                            PLAINTIFF

VS.                                CIVIL ACTION NO. 1:09cv292LG-RHW

PASS MARIANNE, LLC                                              DEFENDANT

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Carl E. Woodward, LLC ("Woodward") and, pursuant to 9 U.S.C. § 4 ("The Federal Arbitration Act"), respectfully petitions the Court to compel Pass Marianne, LLC ("Pass Marianne") to arbitrate the cross-claims asserted by it against Woodward, as required by the terms of the contract between Woodward and Pass Marianne. In support of its petition, Woodward further shows as follows:

Parties

1.

Woodward is a corporation organized and existing under the laws of the State of Louisiana with its principal place of business located in New Orleans, Louisiana.

2.

Pass Marianne is a limited liability company organized and existing under the laws of the State of Mississippi. Process of this Honorable Court may be had on Pass Marianne by serving its registered agent, Walter H. Ketchings, 117 East Scenic Drive, Pass Christian, MS 39571.

## Jurisdiction and Venue

3.

Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a)(2) as a substantial part of the events giving rise to the claim occurred in this Judicial District. 9 U.S.C. § 4 further authorizes the Court to hear this petition as Woodward is "a party aggrieved by the . . . failure, neglect or refusal of [Pass Marianne] to arbitrate under a written agreement for arbitration."

## Background Facts

4.

On or about June 3, 2005, Woodward entered into a contract with Pass Marianne, under the terms of which Woodward agreed to construct the Pass Marianne Condominiums located in Pass Christian, Mississippi.

5.

Article 10.3.1 of the General Conditions of the aforesaid Contract provides as follows:

> 10.3. Arbitration
>
> 10.3.1 Any claims, disputes or controversies between the parties arising out of or relating to the Agreement, or the breach thereof, which have not been resolved in accordance with the procedures set forth in Section 10.2 above shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the AAA then in effect, unless the parties mutually agree otherwise.

6.

Pursuant to 9 U.S.C. § 2, the arbitration provision embodied by Article 10.3.1 of the Woodward/Pass Marianne Contract is "valid, irrevocable, and enforceable", and the Contract between those parties is "a transaction involving commerce".

7.

Notwithstanding the arbitration provision in the Woodward/Pass Marianne Contract, Pass Marianne did, on December 22, 2008, file a Cross-Claim against Woodward, which cause is now pending in the Circuit Court of Harrison County, Mississippi, First Judicial District, as Cause No. A2401-008-475. A true and correct copy of the aforesaid Cross-Claim is attached hereto as Exhibit A. In response to Pass Marianne's Cross-Claim, Woodward filed a Motion to Compel Arbitration and to Stay Cross-Claim Pending Arbitration, a copy of which is attached hereto as Exhibit B. Thereafter on March 13, 2009, Pass Marianne did file a Motion for Declaratory and Injunctive Relief by which it seeks to enjoin arbitration of its Cross-Claims. A true and correct copy of the same (without exhibits) is attached hereto as Exhibit C.

8.

All of the claims asserted in the Cross-Claim by Pass Marianne against Woodward are claims that arise out of or relate to the parties' Contract or the alleged breach thereof, and resolution of all disputes represented by those claims should be arbitrated.

9.

Pass Marianne's Cross-Claim is evidence of Pass Marianne's "failure, neglect or refusal . . . to arbitrate under a written agreement for arbitration", as contemplated by 9 U.S.C. § 4. Being aggrieved, Woodward petitions this Honorable Court to compel Pass Marianne to arbitrate its claims against Woodward.

Relief Requested

10.

WHEREFORE, as provided by 9 U.S.C. § 4, Woodward prays for issuance of process upon Pass Marianne, an expedited hearing and an Order from this Court:

1. Enjoining Pass Marianne from prosecuting its claims against Woodward as set out in Pass Marianne's Cross-Claim and from further pursuing its claims in any forum other than through arbitration, as provided for in Article 10.3.1of the General Conditions of the Contract;

2. Enjoining the State Court from proceeding with the Cross-Claim as provided for by 28 U.S.C. § 2283; and

3. Such other and further relief to which Woodward may be found entitled.

Respectfully submitted,

**CARL E. WOODWARD, LLC**

By: _____
Ron A. Yarbrough  (MSB No. 6630)

OF COUNSEL:

BRUNINI, GRANTHAM, GROWER
   & HEWES, PLLC
Post Office Drawer 119
Jackson, Mississippi 39205
The Pinnacle Building, Suite 100
190 East Capitol Street
Jackson, Mississippi 39201
Telephone: (601) 948-3101
Facsimile: (601) 960-6902
One of Its Attorneys