IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CARL E. WOODWARD, LLC**                                              **PLAINTIFF**

**VERSUS**                                **CIVIL ACTION NO: 1:09CV292 LG-RHW**

**PASS MARIANNE, LLC**                                             **DEFENDANT**

**BRIEF OF THE DEFENDANT PASS MARIANNE, LLC.
OPPOSING THE PLAINTIFF'S PETITION FOR
<u>ORDER COMPELLING ARBITRATION</u>**

COMES NOW Pass Marianne, LLC., by and through counsel, and files this brief opposing the Petition of the Plaintiff to compel arbitration, thus:

## I. INTRODUCTION

The underlying dispute before the Court involves a luxury condominium development located in Western Harrison County on Highway 90 called Pass Marianne. The luxury condos are the subject of much litigation at this point among homeowners, the developer, and the design/builder.

The Plaintiff before this Court, Carl E. Woodward, LLC, hereinafter CEW or Woodward, is the design/builder and is a Louisiana LLC. The Developer is Pass Marianne, LLC, a Mississippi LLC. The Plaintiff in the underlying state action from which this Complaint and Petition regarding arbitration grew is Lemon Drop Properties, LLC. Lemon Drop is a Mississippi limited liability company whose registered agent is Stephanie McKay, 9173 Ashbury Lane, Gulfport, Mississippi. A copy of Lemon Drop's

Certificate of Formation is attached as exhibit "A" to the brief and incorporated herein by reference.

Lemon Drop filed its complaint in the Circuit Court of Harrison County, Mississippi, on October 28, 2008, naming as Defendants CEW and Pass Marianne. Exhibit "B" attached. Pass Marianne filed its answer and Crossclaim against Woodward on December 22, 2008. Exhibit "B" to the Complaint of the Plaintiff. CEW then petitioned the Circuit Court of Harrison County by Motion to Compel Arbitration and to the Stay the Crossclaim Pending Arbitration, precisely the same matter which it now seeks to present to this Court. Exhibit "C" attached.

Pass Marianne's crossclaim included: a count of fraud based upon Woodward's "acts in substituting blue prints and contract provisions regarding damages..." arising from Woodward's effort to substitute a contract in which a provision giving Pass Marianne a right to seek consequential damages had been concealed; a count for defamation arising from CEW's misrepresentation to owners that the substantial defects in the roof, doors and various other aspects of the project were done at the specific direction of the developer over CEW's alleged protest, further defaming the developer by advising the owners that the developer had directed that certain construction be performed knowing that the innate defects resulting were code violations; a third count for bad faith breach of contract; a fourth count for a declaratory judgment asking the Circuit Court under Rule 57 to remove enumerated disputes from the arbitration remedies, at least insofar as the disputes involved "conduct exceeding any notion of that contemplated when arbitration was elected as a remedy"; and a fifth count in which Pass Marianne sought to get an injunction to "preclude any effort on the

part of Woodward to proceed with arbitration pending discovery and consideration of the Court of the declaratory judgment and ruling on same."

Discovery, however, has proceeded, and Woodward was a full participant, propounding and answering requests for production and participating in scheduling depositions. The State Court matter is now set for hearing on Woodward's Motion to Compel Arbitration among others, on July 30th in the Circuit Court of Harrison County, First Judicial District.

Contrary to the representations made to this Court by CEW, Pass Marianne has cooperated fully with the arbitration procedures. That is, Arbitrators have been selected, telephonic conferences have been had before those Arbitrators, massive discovery has been exchanged between the parties, seventeen days in September and October have been reserved for depositions, various depositions have already been noticed, and two weeks in November are designated as the arbitration date set for the arbitration to commence. See exhibit "D", the Arbitrator's Order setting forth discovery deadlines and establishing the arbitration date.

That said, what the Plaintiff/Petitioner essentially is doing here is simply trying to get this Court to stay a State Court proceeding over which it has no jurisdiction. As will be discussed more fully below, the underlying state court dispute is between a Mississippi resident on the Plaintiff side, Lemon Drop; and a Mississippi resident, Pass Marianne; and a Louisiana resident, CEW, LLC, as joint defendants. Although the amount in controversy exceeds $75,000.00, there is no complete diversity of citizenship such as would permit the Court to take jurisdiction over the proceeding under its diversity jurisdiction, 28 U.S.C. §1332.

## II. ARGUMENT

**A. This Court lacks jurisdiction to consider the arbitration agreement.**

9 U.S.C. §4, cited by the Petitioner, holds in pertinent part that "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States District Court which, ***save for such agreement, would have jurisdiction under Title 28 (emphasis supplied)***. In a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the matter provided for in such agreement..." The cases cited by the Petitioner do not involve situations such as is now before the Court, that is, where there is pending state court litigation between non-diverse parties and/or where a defendant arguably had standing to remove the case to federal court but opted not to do so. **Perez and Associates, Inc. v. Welch**, 960 F.2d 534 (5th. Cir. 1992) (securities fraud cases consolidated from existing federal court matters); **Republic Finance v. Cauthen,** 343 F.Supp.2d 529 (MD Miss. 2004) (Dispute between illiterate borrowers and their lenders, when there was complete diversity between Plaintiffs and Defendants in their state court proceeding);

The issue in the U.S. Supreme Court case cited by the Plaintiff, **Moses H. Cone Memorial Hospital v. Mercury Construction Company,** 461 U.S. 1 (1983) is not whether the Court has subject matter jurisdiction to decide the arbitration question, but whether it should refrain from doing so out of deference to the State Court proceedings pursuant to the *Colorado River* doctrine, announced in **Colorado River Conservation District v. United States,** 424 U.S. 800 (1976), which permits a federal court to dismiss

or stay a federal action in deference to pending parallel state court proceedings based on considerations of wise judicial administration.

The Defendants here would point out to the Court that it is well settled that the Federal Arbitration Act does not establish a separate basis for federal jurisdiction. ***Moses H. Cone Memorial Hospital v. Mercury Construction Corporation***, 460 U.S. 1 (1983) (noting that the Arbitration Act is an "anomaly in the field of federal court jurisdiction" because it "creates a body of federal substantive law ...yet it does not create any independent federal question jurisdiction".

Moreover, even if CEW had an independent basis of federal jurisdiction if it were to sever the claims raised by Pass Marianne in the state court action and remove them to federal court, it waived those rights when it failed to remove the action within thirty days of its filing. 28 U.S.C. §1446 (b) is quite specific in holding that "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant whichever period is shorter."

CEW actually filed its answer in state court on or about January 16, 2009, over four months prior to instituting the Complaint in this Court on May 7, 2009. See document #1, 1:09-cv-00292-LG-RHW. CEW apparently now seeks to do by separate Complaint and Petition what it should have done by removal under 28 U.S.C. §1441 et seq. It could not remove the claim after the thirty day period however, under the

express requirement of 28 U.S.C.1446 (b), strictly enforced in the Fifth Circuit. See **New York Life Insurance Company v. Deshotel**, 142 F.3d 873, 885 (5th. Cir. 1998).

### B. Even if the Court has jurisdiction, it should refrain from asserting it and should either dismiss the case or abstain pursuant to the Colorado River Doctrine.

The out-of-district case relied upon by the Plaintiff/Petitioner provides no support for their position; in fact, **International Asset Management, Inc. v. Holt**, 487 F.Supp 2d 1274 (ND OK 2007) supports Pass Marianne's contention that this Court should not consider the matter, but should instead defer to the ongoing state proceeding in which CEW has been participating for many months now and which can afford them full relief.

**International Asset Management,** in analyzing **Moses H. Cone**, the Movant's primary case, makes it clear that the real issue before the Court now is not whether the Court has subject matter jurisdiction to decide the arbitration question, but whether it should refrain from doing so out of deference to the parallel state court proceedings pursuant to the Colorado River Doctrine. **International Asset Management** at 1282 (ND Ok. 2007). As defined by **I.A.M.**, the Colorado River Doctrine "permits a federal court to dismiss or stay a federal action in deference to a parallel pending state court proceeding, based upon considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation. **International Asset Management** at 1282, citing **Fox v. Maulding**, 16 F.3d 1079, 1080 (10th Cir. 1994). The **IAM** case relied upon by CEW sets the following "nonexclusive list of factors for a district court to consider in deciding whether

exceptional circumstances exist to warrant deference to a parallel state court proceeding":

1. Whether either court has assumed jurisdiction over property.
2. The inconvenience of the federal forum.
3. The desirability of avoiding piecemeal litigation.
4. The order in which the courts obtained jurisdiction.
5. The vexatious or reactive nature of either the federal or the state action.
6. The adequacy of the state court action to protect the plaintiff's rights and
7. Whether the party opposing abstention as engaged in impermissible forum shopping.

*International Asset Management* at 1284.

Most of the factors here militate in favor of maintaining the case in the state court which has been considering the matter for many months.

First, the Circuit Court of Harrison County, Mississippi has assumed jurisdiction over the property involved. That is, the subject matter of the contract in dispute involves real property located in Harrison County, Mississippi.

Second, the inconvenience of the federal forum does not seem to be a factor here, as both courts are located within a mile of each other, the property is located within 10 to 15 miles of either courthouse, and almost all of the witnesses are amenable to service of process of either state or federal court equally.

The third factor, the desirability of avoiding piecemeal litigation, militates in favor of the state proceeding, since CEW would have this Court consider supervising part of the litigation between CEW and Pass Marianne, when the claims are throughly

intertwined with the rights of the third party, Lemon Drop, LLC, not present in the federal forum, thus requiring second, virtually identical action in the state court proceeding.

The fourth factor, the order in which the courts obtained jurisdiction, obviously favors the state court matter. That court took full jurisdiction in October 2008, approximately nine months ago.

The fifth factor, the vexatious or reactive nature of either the federal or the state action, favors leaving the matter in the state court. CEW moved the state court to enforce the arbitration clause months ago, and although a crossclaim was filed by Pass Marianne, Pass Marianne has cooperated fully in the arbitration, which is ongoing. CEW clearly had the power to remove the claim within thirty days of its filing, but declined to do so, opting instead to take part in the processes afforded by the state court litigation, and now, not long before the state court matter is to be brought on for hearing and prior the state court ruling on the arbitration issue or the declaratory judgment, CEW raises what amounts to a defacto removal action after the time has long passed for it to have done so. This is vexatious action initiated by CEW, and the Court should recognize it for that.

The sixth factor, the adequacy of the state court action to protect the plaintiff's rights, militates in favor of leaving the case right where it is. The Circuit Court of Harrison County is a court of plenary jurisdiction. It has the power to enforce arbitration clauses, and in fact the state law in Mississippi is as strong or stronger than any jurisdiction in the country in favoring arbitration. See, for example, §11-15-1, et seq, arbitration and award; and cases like (there are many) ***Vicksburg Partners, L.P. v.***

***Stephens***, 911 So.2d 507 (Miss. 2005), which note as part of their holding that:

> "(the Mississippi Supreme Court) has recognized that arbitration is favored and firmly embedded in both our federal and state laws (citations omitted). We have thus endorsed the undisputed province of the Federal Arbitration Act, 9 U.S.C. § 1-16 (FAA), and recognize its clear authority to govern agreements formed in interstate commerce wherein a contractual provision provides for alternative dispute resolution...consistent with federal law, our case law now clearly emphasizes the favored status of arbitration."

***Vicksburg Partners, L.P. v. Stephens,*** 911 So.2d 507, 513 (Miss. 2005). Thus, it is clear that the state court remedy already invoked by CEW is more than adequate to protect CEW's rights.

Finally, the seventh factor is whether the party opposing abstention (CEW) has engaged in impermissible forum shopping. Clearly, that's just what CEW did. The crossclaim was filed and served on or about December 22, 2008; CEW filed its answer and defenses to the Complaint and filed a motion with the Circuit Court of Harrison County to compel arbitration on January 16, 2009; CEW engaged in extensive discovery in the form of voluminous document productions, and setting depositions utilizing both the arbitration proceeding and the state court discovery mechanism before trying to back out of the state court litigation and into federally ordered arbitration. The inference of forum shopping by CEW may be drawn. CEW's acts should be presumed intentional, and the only logical inference to be drawn is that CEW elected its forum and has now had a change of heart.

Be that as it may, this is as clear a case as may envisioned for Colorado River abstention or outright dismissal, and that's what this Court should do.

Respectfully submitted this the 20th day of July, 2009.

                                        PASS MARIANNE, LLC., Defendant

                                        BY: /s/ CHESTER D. NICHOLSON

NICHOLSON & NICHOLSON
Gail D. Nicholson, MSB#3850
Chester D. Nicholson, MSB#3849
P.O. Box 162
Gulfport, Mississippi 39502
Phone:    (228) 868-3288
Fax:      (228) 863-1818

## CERTIFICATE OF SERVICE

I, CHESTER D. NICHOLSON, do hereby certify that on July 20, 2009 I electronically filed the foregoing **Brief of the Defendant Pass Marianne, LLC. Opposing the Plaintiff's Petition for Order Compelling Arbitration** with the Court using the ECF system to Ron A. Yarborough of Brunini, Grantham, Grower & Hewes, PLLC, P. O. Drawer 119, Jackson, Mississippi 39205 and by U.S. Mail, postage prepaid to Chris Limeaux, Esquire at his mailing address at Carl E. Woodward, LLC, at 1019 South Dupre Street, New Orleans, Louisiana 70125.

This the 20th day of July, 2009.

                                          /s/ CHESTER D. NICHOLSON