IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CARL E. WOODWARD, LLC                                              PLAINTIFF

VS.                             CIVIL ACTION NO. 1:09-cv-00292-LG-RHW

PASS MARIANNE, LLC                                                 DEFENDANT

### CARL E. WOODWARD, LLC'S REBUTTAL BRIEF IN SUPPORT OF ITS PETITION FOR ORDER COMPELLING ARBITRATION

Pursuant to 9 U.S.C. § 4, Carl E. Woodward, LLC ("Woodward") seeks (1) an Order compelling Pass Marianne, LLC ("Pass Marianne") to arbitrate the disputes asserted by Pass Marianne in a cross-claim filed against Woodward in the Circuit Court of Harrison County, Mississippi, and (2) an Order enjoining the state court from proceeding with Pass Marianne's Cross-claim, as provided by 28 U.S.C. § 2283.  In response, Pass Marianne filed a Brief ("Brief") opposing Woodward's Petition and a separate Motion to Dismiss, or in the Alternative to Abstain ("Motion to Dismiss").  The bases of Pass Marianne's opposition are that this Court has no jurisdiction over this cause and that, if the Court would have had jurisdiction, Woodward's action amounts to an untimely removal.  As discussed hereafter, the law is squarely on Woodward's side, and the relief requested by Woodward should be granted.

### REBUTTAL AS TO THE "FACTS" ASSERTED BY PASS MARIANNE

The Court will not be astonished to discover that Woodward vigorously disagrees with the factual mischaracterizations cast by Pass Marianne in its Brief and its Motion to

Dismiss. Indeed, with the legal authorities discussed hereafter so overwhelmingly in favor of Woodward's position, one is left to wonder why Pass Marianne resorts to such super-charged adjectives to describe Woodward's position as "vexatious", Brief at p. 8; "impermissible forum shopping", Brief at p. 9; "frivolous", Motion to Dismiss" at p. 2; and that Pass Marianne is entitled to "costs and attorneys' fees" for having to respond to Woodward's Petition, Motion to Dismiss at p. 2. Be all of that as it may, Woodward first addresses the factual allegations of Pass Marianne's Brief.

When Pass Marianne filed its cross-claim against Woodward in the state court action, Woodward immediately filed in the state court a Motion to Compel Arbitration and to Stay Cross-Claim Pending Arbitration, as is its right and duty. See Exhibit B to Woodward's Complaint, ECF Document 1-3, p. 45 of 76. "Parties seeking to enforce arbitration are to file a 'Motion to Compel Arbitration and to Stay Proceedings Pending Arbitration' immediately upon discovery that the controversy or suit is subject to an arbitration agreement". *Century 21 Maselle & Associates, Inc. v. Tony L. Smith*, 965 So.2d 1031, 1038 (Miss. 2007). As shown by Exhibit A to this Rebuttal Brief, on February 2, 2009, Woodward noticed its Motion for hearing before the Circuit Court of Harrison County, Mississippi on April 10, 2009. On the eve of that hearing, counsel were advised that the Circuit Judge was ill and the hearing was cancelled.

As shown by Exhibit B hereto, on April 20, 2009, Woodward re-noticed its Motion for hearing on May 1, 2009. As a result of a conference on May 1, 2009, between the Harrison County Circuit Judge and counsel, the Judge recused herself. A new Circuit Judge was appointed and Woodward re-noticed its motion for hearing yet a third time, on July 9,

2

2009. See Exhibit C hereto. That hearing was cancelled by the Court and is now set for hearing on July 30, 2009. Pass Marianne's allegation that Woodward has been "a full participant" in the state court action, Brief at p. 3, is simply not supported by the facts, nor has Woodward been a willing participant. Pass Marianne's assertion that "the state court [] has been considering the matter for many months", Brief at p. 7, and that Woodward has been "opting instead to take part in the processes afforded by the state court litigation", Brief at p. 8, are similarly without any foundation. Woodward has consistently sought to stay the state court cross-claim and to have those disputes resolved through arbitration.

Woodward also disputes each and every allegation asserted in Pass Marianne's cross-claim as set out in summary fashion in Pass Marianne's Brief, p. 2-3. Nevertheless, those are precisely the kinds of claims that "arise out of and relate to" the contract between Woodward and Pass Marianne, and all such claims are covered by the arbitration provisions agreed to between these parties.

Pass Marianne's casting the claims as fraud or bad faith is not sufficient to remove them from arbitration. *AmStar Mortgage Corp. v. Indian Gold, LLC*, 517 F. Supp. 2d 889 (S.D. Miss. 2007), involved claims of bad faith, tortious interference with contract, fraudulent concealment, fraud, civil conspiracy, etc., and all were held arbitrable, pursuant to the terms of the arbitration agreement between the parties. As the *Amstar Corp.* Court held:

> [P]ermitting allegations of fraud to undercut the arbitration provision would make the contract meaningless, as any allegation of fraud would prevent a signatory from being compelled to ever arbitration their dispute …

3

517 F. Supp. 2d at 898.

Pass Marianne cannot seriously contend that it "has cooperated fully with the arbitration procedures". Brief at p. 3. As shown by Exhibit D hereto, when Pass Marianne filed its Counterclaim with the American Arbitration Association, it did so only because it was under a scheduling order and it did so "with reservation of right to proceed with pending matters in the Circuit Court of Harrison County, Mississippi". Moreover, Pass Marianne has hardly abandoned its state court opposition to Woodward's Motion to Compel Arbitration and to Stay Proceeding Pending Arbitration. Significantly, Pass Marianne continues to press its state court Motion for Declaratory and Injunctive Relief (Exhibit C to Woodward's Complaint, ECF Doc. 1-3, p. 70-76). In each instance when Woodward noticed its state court Motion to Compel Arbitration, Pass Marianne noticed its own Motion for Injunctive Relief for hearing on the same day.

As shown by Exhibit E hereto, Pass Marianne's Motion has been re-noticed for hearing in the state court for July 30, 2009. If Pass Marianne was really serious about "cooperating fully in the arbitration", it (1) would not have reserved in arbitration its rights to proceed in state court, (2) would not contest Woodward's state court Motion to Compel Arbitration, (3) would not be prosecuting its own state court Motion to enjoin Woodward from proceeding with arbitration, and (4) it would not be opposing Woodward's Petition for an Order Compelling Arbitration. In sum and substance, Pass Marianne's actions are not those of a party willingly participating in an arbitration proceeding.

**REBUTTAL AS TO PASS MARIANNE'S LEGAL AUTHORITIES**

A.  The Court has jurisdiction over this cause.

4

Pass Marianne asserts that what Woodward "essentially is doing … is simply trying to get this Court to stay a state court proceeding over which it has no jurisdiction" because "there is no complete diversity of citizenship such as would permit the Court to take jurisdiction over the proceeding under its diversity jurisdiction, 28 U.S.C. § 1332". Brief at p. 3. Pass Marianne's argument is wholly misplaced as there is complete diversity between Woodward and Pass Marianne.

As Pass Marianne acknowledges, Lemon Drop Properties, LLC, a Mississippi entity and an owner of a unit at Pass Marianne Condominiums, filed a state court suit against Pass Marianne, a Mississippi LLC, and Woodward, a Louisiana LLC. Pass Marianne, in turn – and in violation of the arbitration provisions in two separate agreements with Woodward – filed a cross-claim against Woodward. It is not Lemon Drop's suit but the cross-claim asserted by Pass Marianne that is the subject of the relief Woodward seeks by way of an Order requiring Pass Marianne to arbitrate.

This Court has jurisdiction over Woodward and Pass Marianne as supported by *Conseco Finance Servicing Corp. v. Kolb*, 2002 U.S. Dist. LEXIS 25210 (N.D. Miss. April 15, 2002). *Conseco* was, like the instant case, an action to compel arbitration pursuant to 9 U.S.C. § 4. A Mississippi resident, in violation of a contractual arbitration provision, commenced a civil action in the Circuit Court of Lowndes County, Mississippi, against a Mississippi resident and against Conseco, a non-resident. The Court framed the "only dispute" as "whether the requirements of 28 U.S.C. § 1332 are satisfied so that there is complete diversity necessary to maintain this action". *Id*. at *7. Focusing on the dispute between the diverse parties, i.e., the plaintiff in the state court action and Conseco, who

5

sought to enforce the arbitration provision, the Court found diversity jurisdiction and granted the relief sought by Conseco.

The holding in *Conseco* is consistent with the landmark case *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1 (1983), which involved a request for relief like Woodward's Petition before this Court. There, a state court plaintiff sued both diverse and non-diverse defendants, the diverse defendant being party to a contract which included an arbitration provision. In affirming the right to the relief sought by way of a petition to compel arbitration, the Supreme Court found:

> Under the Arbitration Act, an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement.

460 U.S. at 20.

Because there is complete diversity of citizenship between Woodward and Pass Marianne and because the amount in controversy satisfies 28 U.S.C. § 1332, this Court has jurisdiction over Woodward's Petition for Order Compelling Arbitration.

B.  Woodward's Petition is not a removal action that must have been filed within the time limits of 28 U.S.C. §1446(b).

Pass Marianne asserts that "even if [Woodward] had an independent basis of federal jurisdiction … it waived those rights when it failed to remove the action within thirty days of its filing". Brief at p. 5. *Conseco*, *supra*, readily disposes of that argument, as well.

In *Conseco*, the Court observed:

> As an initial matter, the court notes that after Conseco filed its petition pursuant to Section Four of the FAA seeking an order compelling arbitration, [the state court plaintiff] filed a motion to remand or in the alternative, to dismiss. Conseco correctly noted that this action was not removed from state court, and as such, the court will treat [the state court plaintiff's] motion as one for dismissal of the petition to compel arbitration.

2002 U.S. Dist. LEXIS at *7-8.

In *Conseco,* the state court action was filed on October 29, 2001, and the petition for an order compelling arbitration was not filed until December 17, 2001. *Id.* at *2-3. In denying the state court plaintiff's motion to remand or dismiss, the *Conseco* court found that, like Woodward, *Conseco* had filed "an independent complaint in federal court rather than a notice of removal". *Id*. at *8.

*Conseco* is in line with *Snap-On Tools Corp. v. Mason*, 18 F. 3d 1261 (5th Cir. 1994). In *Snap-On Tools*, the Fifth Circuit reversed the district court's dismissal on abstention grounds of a petition to compel arbitration. One of the "primary reasons" for the district court's dismissal was that the petitioner "had likely filed the motion to compel because it had missed the thirty day deadline for filing a petition of removal". 18 F.3d at 1263. On that point, the Fifth Circuit was succinct:

> Further, the district's court's position that Snap-On may have been trying to get into federal court after failing timely to remove is not valid. Snap-On could not remove the state court case to federal court in any event because the presence of the co-defendants destroys diversity.

18 F.3d at 1265.

7

The authorities are overwhelming that the time for filing a petition for an order compelling arbitration is **not** governed by the time constraints of the removal statute. Pass Marianne's argument on this point is unavailing.

C. The Court should neither dismiss Woodward's Petition nor abstain from granting the relief Woodward seeks.

Pass Marianne cites, and then argues, seven factors which it contends control and support dismissal or abstention. Brief at pp. 6-10. Those factors, however, are not the factors that inform this Court on the issue. Rather, the five factors enunciated by the Fifth Circuit in *Snap-On Tools, supra*, control.

Relying upon the holdings in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), and *Moses H. Cone Memorial Hospital v. Mercury Const. Corp.*, 460 U.S. 1 (1983), the Fifth Circuit observed with respect to abstention:

> The considerations discussed in *Colorado River*, and/or in *Moses H. Cone*, include the following: (1) whether the state or federal court has assumed jurisdiction over the *res*; (2) the inconveniences of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which jurisdiction was obtained by the concurrent forums. (Citations omitted) In *Moses H. Cone*, the Supreme Court added an additional factor to the balance—(5) whether a federal policy is involved. (Citations omitted) None of these factors are determinative; rather, they require "a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction". (Citations omitted)
>
> 18 F.3d at 1264.

Applying those factors to the case at bar leads to only one conclusion—that this Court should not abstain.

The first factor, whether the state or federal court has assumed jurisdiction over the *res*, has no application as there is no *res*. Similarly, the second factor, the inconveniences of the federal forum, has no bearing. This federal court is within a few city blocks of the state court. The third factor, the desirability of avoiding piecemeal litigation, has little bearing. For example, if Pass Marianne is required to arbitrate its cross-claim with Woodward that leaves Pass Marianne in state court litigation with Lemon Drop Properties, LLC. Nevertheless, as the Fifth Circuit held in *Snap-On Tools*, "[E]ven if some piecemeal litigation does result, that sometimes is the inevitable result of a congressional policy strongly favoring arbitration." 18 F.3d at 1265. That holding is grounded in the result in *Moses H. Cone* requiring the state court plaintiff to resolve its disputes against the non-diverse defendant with whom it had no arbitration agreement in a forum different from that of the diverse defendant with whom it had a binding arbitration provision. On that point, the *Moses H. Cone* Court stated:

> That misfortune is not the result of any choice between the federal and state courts; it occurs because the relevant federal law requires piecemeal resolution when necessary to give effect to an arbitration agreement. Under the Arbitration Act, an arbitration agreement must be enforced notwithstanding the presence of other parties who are parties to the underlying dispute but not to the arbitration agreement.

460 U.S. at 20.

Turning to the fourth factor, the order in which jurisdiction was obtained by the concurrent forums, the *Snap-On Tools* Court, in reliance upon *Moses H. Cone*, characterized this factor as "mechanical". 18 F.3d at 1266. In any event, the state court first obtained jurisdiction over the disputes between Pass Marianne and Woodward **only**

9

because Pass Marianne violated the contractual provision respecting arbitration. For this factor to tilt toward Pass Marianne would be to reward Pass Marianne for its own wrongful conduct in repudiating the dispute resolution provision of its written agreements with Woodward. Finally, whether a federal policy is involved is obviously answered in Woodward's favor. What was said in *Snap-On Tools*, applies with the same force here:

> [I]n this federal case—concerning **only** whether the case should be submitted to arbitration under § 4 of the FAA—federal law provides the rule of decision on the merits. (Citations omitted) The basic issue presented in this suit, as in *Moses H. Cone*, is 'the arbitrability of the dispute" between the opposing parties, and federal law governs that issue whether it is raised in federal or state court. (Citations omitted)
>
> 18 F. 3d 1266 (emphasis in original).

Upon these authorities and for all of these reasons, Woodward respectfully urges that an Order should issue compelling Pass Marianne to arbitrate its disputes with Woodward.

  D.  This Court is entitled to stay the state court cross-claim in aid of its jurisdiction over this cause.

With great deference to the Circuit Court of Harrison County, Mississippi, the federal court may find it necessary to stay Pass Marianne's cross-claim depending upon the state court's ruling July 30, 2009 as to the competing motions of Woodward and Pass Marianne. Plainly, this federal court has jurisdiction over this cause and Woodward's request for an Order Compelling Pass Marianne to arbitrate the dispute in its cross-claim against Woodward. The federal court's right to stay the state court is bottomed on 28 U.S.C. § 2283 and the holding in *Republic Finance v. Cauthen,* 343 F. Supp 2d 529 (N.D.

Miss. 2004) ("stay required to protect or effectuate this Court's judgment and order that the controversy between the parties be submitted to arbitration".)

Respectfully submitted,

**CARL E. WOODWARD, LLC**

By: *s/ Ron A. Yarbrough*
Ron A. Yarbrough   (MSB No. 6630)

OF COUNSEL:

Ron A. Yarbrough (MSB No. 6630)
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
P. O. Drawer 119
Jackson, Mississippi  39205
Telephone:  (601) 948-3101
Facsimile:  (601) 960-6902

## CERTIFICATE OF SERVICE

I, Ron A. Yarbrough, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Chester D. Nicholson
P. O. Box 162
Gulfport, MS  39502

THIS the 27th day of July, 2009.

*s/ Ron A. Yarbrough*
Ron A. Yarbrough