# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **CARL E. WOODWARD, LLC** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CAUSE NO. 1:09CV292 LG-RHW** |
| | § | |
| **PASS MARIANNE, LLC** | § | **DEFENDANT** |

## ORDER OF DISMISSAL

THIS CAUSE COMES BEFORE THE COURT for consideration of the Court's subject-matter jurisdiction. The Plaintiff, Carl E. Woodward, LLC, filed this Complaint pursuant to 9 U.S.C. § 4 for an order enjoining Pass Marianne, LLC from prosecuting its cross-claim against Woodward except through arbitration, and enjoining the Circuit Court of Harrison County from proceeding with the cross-claim in the underlying cause.[1] In addition to this Complaint, Woodward also filed a motion in the Circuit Court case to compel arbitration and to stay Pass Marianne's cross-claim pending arbitration. Since then, the Circuit Court has ruled on the arbitration motion, finding that Woodward and Pass Marianne had agreed in the construction contract to arbitrate "any claims, disputes or controversies between the parties arising out of or relating to the Agreement or the breach thereof." *Lemon Drop Prop. v. Carl E. Woodward, LLC, et al.*, No. A2401-08-475 (Harrison County Cir. Ct. Aug. 17, 2009) (order granting motion to compel arbitration and to stay cross-claim pending arbitration). The court also stated that "[i]n addition the Mississippi Construction Arbitration Act mandates arbitration in construction disputes such as this." *Id*. (citing MISS. CODE ANN. § 11-15-101, *et seq.*).

If a dispute has been resolved or ends, or if it has evanesced because of changed

---

[1] The underlying case was filed by Lemon Drop Properties, LLC against Woodward and Pass Marianne alleging construction defects in regard to the Pass Marianne Condominiums project.

circumstances, then it is moot. *Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270-71 (5th Cir. 1988). If a controversy is moot, the trial court lacks subject matter jurisdiction. *See Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir. 1978). Regardless of when a controversy becomes moot, the court involved must dismiss the suit for want of jurisdiction. *Id*. at 15 (citing *Sec. & Exch. Comm'n v. Med. Comm. for Human Rights*, 404 U.S. 403, 407(1972)). A party or court may raise the mootness issue. *Donovan v. Air Transp., Dist. Lodge No. 146, Int'l Ass'n of Machinists and Aerospace Workers, AFL-CIO*, 754 F.2d 621, 624 (5th Cir. 1985). As the cross-claim that is the subject of this case has been ordered to arbitration, this case, which seeks the same result, is now moot. Accordingly, the Court lacks subject matter jurisdiction and must dismiss the case.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the above-captioned cause is **DISMISSED** for lack of subject matter jurisdiction.

**SO ORDERED AND ADJUDGED** this the 29th day of October, 2009.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE